Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

FILED
IN CLERKS OFFICE

2022 JAN 31 PM 2: 28

# UNITED STATES DISTRICT COURT
for the

District of

Division

|  |  |  |
|---|---|---|
| Sarina Blevins | ) | Case No. _____ |
| *Plaintiff(s)* | ) | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) | |
| -v- | ) | |
| Department of Children and Families Area Director Myrielle Cesar | ) | |
| *Defendant(s)* | ) | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) | |

# COMPLAINT AND REQUEST FOR INTERLOCUTORY INJUNCTION

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Sarina Blevins |
| Street Address | 6 liberty square#2191 |
| City and County | Boston |
| State and Zip Code | MA. 02109 |
| Telephone Number | 857-298-5237 |
| E-mail Address | |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Myrielle Cesar |
| Job or Title *(if known)* | Area Director |
| Street Address | Jackson Square Area Office 1785 Columbus Ave., 4th Floor, |
| City and County | Roxbury, Suffolk |
| State and Zip Code | MA 02119 |
| Telephone Number | T (617) 989-2858 |
| E-mail Address *(if known)* | myrielle.cesar@state.ma.us |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | _____ |
| Job or Title *(if known)* | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address *(if known)* | _____ |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question        ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C. § 1983, Deprived of Fourteenth Amendment Substantive and Procedural Due Process Rights

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* __Sarina Blevins__, is a citizen of the State of *(name)* __United States-MA__.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* __Myrielle Cesar__, is a citizen of the State of *(name)* __Massachusetts__. Or is a citizen of *(foreign nation)* _____.

   b. If the defendant is a corporation

   The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.
   Or is incorporated under the laws of *(foreign nation)* _____,
   and has its principal place of business in *(name)* _____.

   *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

   The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

   Total amount is $77'000 for unethical business practices, false claims, and intentional emotional distress.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

   A. Where did the events giving rise to your claim(s) occur?

Plaintiff is a single parent head of household consisting of one child. The Plaintiff experiences racially discriminatory DCF case closing practices performed by Myrielle Cesar, herein referred to as the Defendant.

The Defendant is employed as an Area Director at the Department of Children and Families Jackson Square Area Office 1785 Columbus Ave., 4th Floor.

Plaintiffs alleges that Defendants' actions were taken in bad faith by (1) intentionally presenting false information and omitting information from the Suffolk Juvenile Court to obtain a temporary custody order to remove the child from Plaintiff's custody.

The Plaintiff asserts that the Defendant violated her Fourteenth Amendment substantive due process and procedural due process rights by refusing to close the Plaintiff's DCF case according to procedures outlined in 110 CMR 9.02.

Plaintiff continues to experience racially discriminatory case closing practices performed by the Defendant. The Plaintiff strongly believes the defendant's failure to close the DCF case is for the purpose of obtaining federal reimbursement funds pursuant to Title IV-E, 42 U.S.C. § 672 *et seq.*[1]

B.   What date and approximate time did the events giving rise to your claim(s) occur?

On 04/01/2021, 04/02/2021, 04/05/2021, 12/1/2021, 01/26/2022

C.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

On 04/01/2021 Suffolk Juvenile Court held a non-emergency temporary custody virtual hearing on zoom.

The Defendant received temporary custody; however, procedure was not followed and there was no 51B investigation supporting neglect and abuse allegation submitted into evidence in support of the temporary order.

On 04/01/2021 Plaintiff verbally objected and denied allegations. The plaintiff informed the Juvenile Court Judge Helen A Bryant-Brown and the Defendant's Attorney Claire Gilchrist that DCF 51A documents contained False, misrepresentative, and fraudulent information.

The DCF reports used to open the Suffolk Juvenile Court care and protection case states the child J.B. had been in DCF custody prior to the care and protection petition, however this is false

---

[1] According to Plaintiffs, Title IV-E allows states to receive reimbursement for costs related to a child abuse investigation on behalf of a child who is receiving services. Plaintiff alleges that "the Title IV-E funds motivated the Defendant's refusal to follow case closing procedure.

information.The child has never been in DCF custody prior to 04/01/2021 and has never left the plaintiff's care and control to date. The Plaintiff asserts with emphasis that the child has never been separated from her to date.

The related 51A report also states the child experienced medical and educational neglect which was also false information.

On April 1st, 2021 the child's Attorney Thomas Davis (tom@thomasdavislaw.com ) informed the Plaintiff, the Juvenile Court Judge and Defendant's Attorney Claire Gilchrist that there was no evidence of medical or educational neglect. Medical Record and Educational records also confirm this fact.

Infact, the educational and medical documents confirmed no evidence of medical or educational abuse. On April 2nd 2021 a DCF investigator performed the 51B investigation finding the neglect and abuse allegations unsupported.

On April 5th 2021 Plaintiff requested DCF case closure under 110 CMR 9.02 via certified mail after the 51B investigation report resulted in unsupported neglect and abuse allegations. The Plaintiff has no evidence that the case has been closed.

On December 1st 2021 Plaintiff provided Juvenile Court Judge Helen A Brown-Bryant with a Mandatory Judicial Notice under MASS. R. EVID. 202 (a), M.G.L c. 233 § 70 in support of case dismissal.

The Plaintiff served a motion to dismiss the care and protection petition for lack of sufficient evidence, subject matter and personal jurisdiction under rule 12(b). The Plaintiff has no evidence that the case has been closed.

---

## IV.     Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

Monetary damages would not adequately compensate Plaintiff for the infliction of emotional distress caused by the Defendant's ongoing threat to family integrity, and peaceful quiet enjoyment of their home together. Plaintiff fears irreparable emotional injury unless the Court restrains the Defendant's unconstitutional actions.

---

## V.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or

exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Grant Plaintiff 258E Do Not Disturb peace and quiet enjoyment Order, or

Order Defendant to Stay away from the Plaintiff's home, or

Order Defendant to adhere to case closing procedure outlined in 110 CMR 9.02, or

Grant compensatory Damages for two $11k false claims penalty approximately $22'000.00; two $15k fines for unethical business practices approximately $30'000; approximately $25'000.00 for emotional distress, and

Grants Relief as Justice sees fit

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1/31/2021

Signature of Plaintiff: *[signature]*

Printed Name of Plaintiff: Sarina Blenns

### B.   For Attorneys

Date of signing: _____

Signature of Attorney: _____