UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SARINA BLEVINS,       )<br>         Plaintiff,  )<br>                       )<br>     v.                )<br>                       )<br>MYRIELLE CESAR,        )<br>         Defendant.    )<br>                       ) | Civil Action No.<br>22-10167-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pro se litigant Sarina Blevins brings this action under 42 U.S.C. § 1983 in which she alleges that Myrielle Cesar, an area director of the Commonwealth's Department of Children and Families ("DCF"), violated Blevins's rights under the Fourteenth Amendment by refusing to close a DCF case concerning Blevins and her child.  Now before the Court are Blevins's Motion for Interlocutory Injunction (Docket # 9) and Motion to Amend Complaint (Docket # 10).[1]  For the reasons set forth below, the Court will deny the motions.

**I.   Background**

   **A.   Blevins's Complaint**

   According to Blevins's complaint (Docket # 1), Cesar

---

[1] It does not appear that Cesar received a copy of these motions. The defendant has not entered an appearance and Blevins does not represent that she provided the motions to the defendant.

intentionally and in bad faith presented false allegations to the juvenile court that Blevins had neglected her minor child medically and educationally.[2] Blevins further claims that these false representations resulted in the juvenile court issuing a temporary order on April 1, 2021, to remove the child from Blevins's custody.

Blevins also alleges that, on April 5, 2021, a DCF investigator found the allegations to be unsupported. Blevins represents that, since that time, she has "requested DCF case closure" without success. Compl. at 6. Blevins states that she has filed a "Mandatory Judicial Notice under MASS. R. EVID. 202(a), M.G.L. c. 233 § 70 in support of case dismissal." Id. Blevins also "served a motion to dismiss the care and protection petition for lack of sufficient evidence, subject matter and personal jurisdiction under rule 12(b)." Id. She "has no evidence that the case has been closed." Id.

Blevins asserts that the DCF criteria for closing cases has been met. She believes that Cesar's refusal to close the case is racially motivated. She also claims that Cesar's refusal to

---

[2] According to Blevins, one of the false allegations was that Blevins's child had been in DCF custody on a prior occasion. Blevins represents that, prior to the proceeding at issue in this case, her child had never been in DCF custody. See Compl. at 5-6.

close her case violates her rights to substantive and procedural due process.

The Clerk issued a summons for Cesar on May 20, 2022. The summons and complaint were served on Cesar on August 12, 2022. (Docket # 8). Cesar's response to the complaint is due on or before September 2, 2022. As of the date of this order, Cesar has not entered an appearance.

**B.   Blevins's Motions**

**1.   Motion for Injunctive Relief**

On August 15, 2022, Blevins's filed a one-page "Motion for Interlocutory Injunction" in which Blevins:

> motion[s] for the Court for a TRO ordering Myrielle Cesar, DCF Area Director for 17865 Columbus
>
> 1)   To direct the signing of the Family Action Plan by appropriate supervisor at 1785 Columbus Ave Roxbury MA. 02119 Area Office.
>
> 2)   To increase frequency of visitations until reunification occurs.
>
> 3)   To reunify family at the completion of family action plan tasks performed by Plaintiff.

(Docket # 9).

**2.   Motion to File an Amended Complaint**

Blevins filed a motion to amend her complaint accompanied by a proposed amended complaint. (Docket ## 10, 10-1). She names "Department of Children and Families Area Director Myrielle Cesar" as the sole defendant. Blevins used a form for

3

a "Complaint and Request for Interlocutory Injunction" to draft her amended pleading. (Docket # 10-1). The form prompts the litigant to set forth a claim by answering three questions. The first question is: "Where did the events giving rise to your claim(s) occur?" Blevins responds: "Ongoing since I won in Arbitration Award for Breach of contract in May 2021, and most recent during pretrial conference in Suffolk Juvenile Court." Id. at 3. In response to the question "What date and approximate time did the events giving rise to your claim(s) occur," Blevins writes, "July 25th 11:51am to 12:12pm." Id. The final question asks the litigant to identify facts underlying the claim. Blevins responds:

1) Breach of Fiduciary Duties: The "Department omits FAMILY ACTION PLAN from Suffolk Juvenile court Judge at pre trial Hearing;

2) Abuse of Discretion:  Department fails to sign FAMILY Action Plan as required by DCF policy; Failure to increase visits for Reunification, unnecessary delay caused by departmental sta[ff] mistakes and errors.

3) Breach of Contract:  Failure to reunify family at completion of FAMILY Action Plan tasks.

Id. at 4.

In the field where a litigant is prompted to identify why irreparable injury would occur if interlocutory injunctive relief is not provided, Blevins writes: "As a result of the events described above monetary Damages cannot compensate for

lost time, such as my child's upcoming birthday in September, and growing in his adult two front teeth. Missing such [i]mportant milestones risks infliction of emotional distress." Id. at 5.

In her request for relief, Blevins asks for "interlocutory injunction in the form of a TRO to stop Breaches of Fiduciary Duties and Contract/Agreement." Id. She also asks the Court "to Order the Defendant to sign the Family Action Plan Agreement, Submit the Family Action Plan to the Suffolk Juvenile Court Judge, and reunify my family according to MGL ch. 119 section 1." Id. Blevins filed a civil cover sheet with her proposed amended complaint which indicates that she is seeking $77,000 in damages. (Docket # 10-2 at 1).

**II. Discussion**

    **A.  Motion for Interlocutory Injunction**

The Court will deny Blevins's motion for injunctive relief to avoid improper interference with a pending state court proceeding.

"Abstention is a devise designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity." Coggeshall v. Mass. Bd. of Registration of Psychologists, 604 F.3d 658, 664 (1st Cir. 2010). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with

the imperatives of the Supremacy Clause, see U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." Casa Marie, Inc. v. Super. Ct., 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted).  Under Younger abstention, see Younger v. Harris, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." Coggeshall, 604 F.3d at 664 (quoting Brooks v. N.H. Supreme Ct., 80 F.3d 633, 637 (1st Cir. 1996)).  Younger abstention is even appropriate where litigants "claim violations of important federal rights," In re Justices of Superior Ct. Dept. of Mass. Trial Ct., 218 F.3d 11, 17 (1st Cir. 2000), as long as the federal claims can be "raised and resolved somewhere in the state process," Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

Here, Blevins's motion for injunctive relief and her proposed amended complaint indicate there is ongoing litigation in the Suffolk County Juvenile Court concerning the matters raised in her complaint.  In fact, the injunctive relief Blevins seeks is this Court's direct intervention in that proceeding. Even assuming, without deciding, that it is within this Court's power to provide the requested relief, doing so would "needlessly inject" a federal court into ongoing state

6

proceedings.  The doctrine of Younger abstention precludes the Court from exercising its jurisdiction in such circumstances.[3]

### B. Motion to Amend the Complaint

"An amended complaint, once filed, normally supersedes the antecedent complaint. Thereafter, the earlier complaint is a dead letter and no longer performs any function in the case." In re Jackson, 988 F.3d 583 (1st Cir. 2021)(quoting Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008)).

Although Blevins captions her newly-filed pleading as an amended complaint, her allegations concern only events that occurred after she commenced this action on January 31, 2022.  If the Court were to treat her "amended complaint" as a true amended complaint, the claims in her original complaint would be a nullity.  If that were to be the case, the action would be subject to dismissal.  The amended complaint identifies alleged misconduct by the "Department" but not by Cesar herself.  Thus, the proposed amended complaint fails to state a claim against Cesar, the sole defendant.[4]

---

[3] Once the defendant responds (or the time for doing has expired), the Court may consider whether Younger abstention mandates a dismissal or stay of this action.

[4] Construing the proposed amended complaint as asserting claims against DCF would be futile.  Subject to some exceptions not relevant here, the Eleventh Amendment of the United States Constitution "bar[s] all suits brought by a private party in federal court against an unconsenting state."  Hudson Sav. Bank v. Austin, 479 F.3d 102, 106 (1st Cir. 2007).  Because DCF is an

7

**ORDER**

In accordance with the foregoing, Blevins's Motion for Interlocutory Injunction (Docket # 9) and Motion to Amend Complaint (Docket # 10) are **DENIED**.

**So ordered.**

                                      /s/ Nathaniel M. Gorton
                                      Nathaniel M. Gorton
                                      United States District Judge

Dated: 09/06/2022

---

arm of the state, Eleventh Amendment immunity applies here. The Court also notes that a state is not a "person" under 42 U.S.C. § 1983, which permits a private party to sue a "person" who, while acting under the color of state law, violated the private party's federal rights. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).